**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2082
_____

DAVID MINOR,
                                        Appellant
v.

BEVERLY HASTINGS; ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

Appeal from the United States District Court
for the District of New Jersey
(District Court No. 1-13-cv-00558)
District Judge: Hon. Jerome B. Simandle
_____

Argued
April 25, 2017
_____

Before:  SMITH, *Chief Judge*, McKEE, and RENDELL, *Circuit Judges*

(Opinion filed:  August 22, 2017)

Steven G. Sanders, Esq. **[ARGUED]**
Anne M. Collart, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102

        *Attorneys for Appellant*

Frank J. Ducoat, Esq. **[ARGUED]**
Maria I. Guerrero, Esq.
Barbara A. Rosenkrans, Esq.
Essex County Office of Prosecutor
50 West Market Street

Essex County Veterans Courthouse
Newark, NJ 07102

      *Attorneys for Appellees*

_____

OPINION[*]

_____

McKEE, *Circuit Judge.*

      Appellant David Minor appeals the District Court's order dismissing his habeas petition. For the reasons that follow, we will affirm the judgment of the District Court.[1]

**I.**

      Minor appealed his conviction to the Appellate Division of the New Jersey Superior Court, arguing that the trial court had violated his constitutional rights when it concluded that he had not made out a prima facie showing of race discrimination in jury selection. He also argued that the prosecutor deprived him of his right to a fair trial by misstating the burden of proof in summation and effectively directing a guilty verdict. The court rejected the first claim, holding that Minor "did not make a prima facie showing that the jury was not drawn from a representative cross-section of the community."[2] The court also rejected Minor's second claim based largely on the trial court's curative instructions.

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.
[2] App. at 294.

The New Jersey Supreme Court denied Minor's petition for discretionary review. Minor then filed a *pro se* application for habeas relief. The District Court denied Minor's application. Minor filed his notice of appeal and a *pro se* motion for a Certificate of Appealability, which we granted as to both of the aforementioned issues.

## I.

We apply the same standard of review as the District Court pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] Under AEDPA, an application for habeas relief shall not be granted for any claim adjudicated on the merits in state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable."[5]

## II.

---

[3] Pub. L. No. 104-132, 110 Stat. 1214 (1996).
[4] 28 U.S.C. § 2254(d)(1)-(2).
[5] *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

Minor argues that (1) the state court unreasonably applied *Darden v. Wainwright*[6] when it did not find that the weakness of the State's evidence combined with the prosecution's improper summation concerning the standard of beyond a reasonable doubt deprived Minor of a fair trial; and (2) the state court unreasonably applied *Johnson v. California*[7] when it did not proceed to step two under a *Batson* analysis. We do not find the state court's determinations to be unreasonable, and thus, we must affirm the District Court's decision.

## A. Prosecution's Summation

A petitioner is deprived of a fair trial where "the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."[8] In making this determination, the reviewing court "must examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant."[9] "[T]he proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it."[10]

---

[6] 477 U.S. 168 (1986).
[7] 545 U.S. 162 (2005).
[8] *Darden*, 477 U.S. at 181 (internal quotation marks omitted); *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (same).
[9] *Moore v. Morton*, 255 F.3d 95, 107 (3d Cir. 2001).
[10] *Victor v. Nebraska*, 511 U.S. 1, 6 (1994).

4

A petitioner is not prejudiced where prosecutor's comments are "invited by" [11] or are a "fair reply to defense counsel's" comments.[12]  Further, curative instructions may correct an improper remark where "the judge direct[s] the jury's attention to the remark particularly challenged [], declare[s] it to be unsupported, and admonishe[s] the jury to ignore it."[13]

Here, although the prosecution's summation was troublesome, it did not so infect the trial with unfairness as to make the resulting conviction a denial of due process under our standard of deferential review.  First, the prosecution's comments did not manipulate or misstate the evidence.  Second, the comments were in response to defense counsel's arguments.  Third, the trial court provided the jurors with curative instructions, including the correct explanation of the standard of proof beyond a reasonable doubt and instructed the jury to ignore any statement made by counsel regarding the law.  In light of this, we cannot say that the state court's decision denying Minor's claim for relief because of the prosecution's summation "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

B. *Batson* claim

---

[11] *Darden*, 477 U.S. at 182.

[12] *United States v. Pungitore*, 910 F.2d 1084, 1128 (3d Cir. 1990).

[13] *Donnelly*, 416 U.S. at 644; *see also Pungitore*, 910 F.2d at 1128 ("[A]s appellants did not object to the curative instruction or request additional instructions, they apparently were satisfied with the district court's response and cannot now complain that comments gave rise to reversible error.").

Minor also argues that the state court did not comply with *Johnson v. California* when it held that Minor had not raised an inference of discrimination in jury selection. This claim is more troubling.

To establish a *Batson* challenge, the defendant must first "make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race."[14] If the defendant makes this showing, the burden then shifts to the prosecutor to present a race-neutral explanation for striking the jurors in question.[15] The trial court must then determine whether the defendant has met his burden of proving purposeful discrimination.[16] In *Johnson*, the Supreme Court clarified that the first step under *Batson* is not intended to "be so onerous that a defendant would have to persuade the judge-on the basis of all the facts, some of which are impossible for the defendant to know with certainty-that the challenge was more likely than not the product of purposeful discrimination."[17]

In determining whether a defendant has made the requisite showing, "the trial court should consider all relevant circumstances. For example, a 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination."[18] This Court has identified the following five factors that are relevant

---

[14] *Hernandez v. New York*, 500 U.S. 352, 358 (1991) (citing *Batson v. Kentucky*, 476 U.S. 79, 96-97 (1986)).
[15] *Id.* at 359.
[16] *Id.*
[17] 545 U.S. at 163.
[18] *Batson*, 476 U.S. at 97.

when assessing whether a prima facie showing of discrimination has been made: "1) the number of racial group members in the panel; 2) the nature of the crime; 3) the race of the defendant; 4) a pattern of strikes against racial group members; and 5) the questions and statement[s] during the voir dire."[19]  Once the defendant makes a prima facie showing, the prosecution bears the burden of providing "a neutral explanation for challenging black jurors."[20]  "[T]he trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal and will not be overturned unless clearly erroneous."[21]

We agree that this record is worrisome insofar as Minor's *Batson* claim is concerned.  Yet, the trial court required the prosecutor to justify her challenges, and she did so.  However, the prosecutor then complained that the State "now has run out of its challenges" and asked the court to excuse the jury and begin anew because "the majority

---

[19] *Holloway v. Horn*, 355 F.3d 707, 722 (3d Cir. 2004) (internal quotation marks omitted).
[20] *Batson*, 476 U.S. at 97.
[21] *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citation and internal quotation marks omitted).  The Appellate Division and the District Court also seem to have erred in their application of *Miller-El* to this case.  The Supreme Court's requirement for deference to a trial court's *Batson* finding is limited to the discriminatory intent prong of *Batson*, and not to the initial prima facie showing.  *See Id.* at 339 ("[T]he court's finding of the *absence of discriminatory intent* is . . . accorded significant deference.").  The District Court was incorrect in relying on *Miller-El* for the proposition that a trial court may consider the ultimate composition in the *first* step of *Batson*, as *Miller-El* addressed the denial of a COA after petitioner's *Batson* claim was denied at step three.  The State in *Batson* had conceded that petitioner had satisfied Step One; the only issue was whether Step Three had been satisfied.  *Id.* at 338.

7

of the individuals on the jury are African American."[22]  The trial court denied the State's

motion.  Ultimately, the majority of jurors in Minor's trial were African American.[23]

Nevertheless, the prosecutor did offer race-neutral reasons for the strikes removing

African American jurors, the record supports those nonracial reasons, and the trial court

found that the prosecutor's reasons were credible.   Therefore, although the prosecution's

comments on the second day of voir dire are worrisome, given the ultimate composition

of the jury, the credited race-neutral explanations for the challenged strikes, and the

significant deference we afford to the trial court's finding, we cannot say that the state

court's denial of Minor's *Batson* claim "was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding."  Although we

may well have reached a different result if we were reviewing this record *de novo*, given

the limitations of our appellate review under AEDPA, we must affirm the District Court's

decision.

## IV.

For the aforementioned reasons, we affirm the judgment of the District Court.

---

[22] App. at 812.

[23] The Appellate Division incorrectly focused on the ultimate composition of the jury at Step One.  At that stage, all that matters is whether any juror was being removed because of race.  Being required to defeat the ultimate composition of the jury at Step One would impose too high of a burden at that stage.  *See Batson*, 476 U.S. at 95 ("A single invidiously discriminatory governmental act is not immunized by the absence of such discrimination in the making of other comparable decisions."); *see also Madison v. Comm'r, Ala. Dep't of Corr.*, 677 F.3d 1333, 1338 (state court reached a decision "contrary to clearly established federal law . . . because the court increased [petitioner's] *prima facie* burden beyond what *Batson* requires.").